Argued and submitted September 26, reversed and remanded December 14, 1988

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT W. BRUST,
*Respondent.*

(C87-06-33045; CA A46508)

765 P2d 1246

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Philip M. Lebenbaum, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

The state appeals an order allowing defendant's motion to suppress evidence, arguing that an affidavit in support of search warrant provided probable cause for a search of defendant's residence. We agree and reverse.

■ The affidavit stated that the affiant, Bret J. Smith, was an officer with the City of Portland Police Bureau and had been assigned to the narcotics detail for six months at the time he executed the affidavit on May 23, 1987. Smith received two anonymous complaints regarding an alleged marijuana growing operation at defendant's home. Informant #1 reported defendant's name, address and physical characteristics, as well as the name of defendant's wife. The informant also stated that defendant had admitted that he sold marijuana to supplement the family income and further reported having seen marijuana plants in defendant's back yard and four eight-by-twelve-inch plastic bags full of marijuana inside the residence.[1] Informant #2 reported having personally observed a hydroponic marijuana growing operation presently being conducted in an insulated, boarded-up room in defendant's basement. The informant said that a window to the basement room containing the marijuana plants was located at the lower right side of the front steps, covered by white curtains. He also said that a large hooded light was used for the growing of marijuana and that the plants themselves were planted in buckets of gravel with water filtering through. The informant reported that the same type of gravel was present on the left-hand portion of defendant's driveway.

Smith verified that defendant and his wife lived at the reported location. On May 22, 1987, he went to the residence and spoke with defendant's son. During that conversation, he observed a porcelain pipe of a type commonly used to smoke marijuana, in the living room of defendant's home. He also saw a window at the lower right side of the front steps that

---

[1] The amount reported is far in excess of the amount statutorily recognized as possessed for personal use, ORS 475.992(4)(f), and defendant told Informant #1 that he sold marijuana to supplement the family income. That information supports an inference that marijuana was continually present at defendant's residence. *State v. Gribskov*, 45 Or App 403, 406, 608 P2d 593, *rev den* 289 Or 209 (1980).

was covered by a curtain. A large amount of condensed water vapor was present on the inside of the glass, and the curtain was mildewed. He also saw pea gravel in the driveway. He contacted Portland General Electric Co. and determined that defendant's home consumed about 1,000 kilowatt hours more electricity per month than other homes comparable to it.[2] In light of his knowledge and experience with drug investigations, Smith knew that his observations of water vapor, mildew, pea gravel and elevated power consumption were consistent with the presence of a hydroponic marijuana growing operation.

Defendant does not controvert any of those facts[3] but argues that the affidavit is legally insufficient to support the issuance of a warrant, because it does not establish the reliability of the informants' reports. The test of sufficiency is "whether a neutral and detached magistrate could conclude, based on the facts and circumstances shown by the affidavit, that there was probable cause to believe that the search would discover things specified in the affidavit in the places requested to be searched." *State v. Villagran,* 294 Or 404, 408, 657 P2d 1223 (1983). The affidavit must be examined in a commonsense, realistic manner, looking at the facts recited and the reasonable inferences that can be drawn from them. *State v. Villagran, supra; State v. Mellinger,* 52 Or App 21, 25, 627 P2d 897 (1981).

Defendant first contends that the affidavit is insufficient in failing to provide corroboration of the anonymous

---

[2] The power consumption at defendant's all-electric home averaged 2,710 kilowatt hours per month over the period from February to May. Information supplied by PGE indicated that the typical power consumption for a home such as defendant's would be approximately 1,720 kilowatt hours per month. Smith checked PGE's records for the power consumption of an actual all-electric home comparable to defendant's and found that the comparison house consumed an average of 1,426 kilowatt hours per month over the same time period. The highest monthly usage recorded for that house over the relevant time period was 1,595 kilowatt hours in March, 1987.

We have recognized that unusually high power consumption is consistent with the use of grow lights for marijuana cultivation. *See State v. Christen/Hankins,* 79 Or App 774, 780, 720 P2d 1303 (1986).

[3] Defendant does argue that the power consumption at his home was within the normal range and that Informant #1, who was defendant's ex-wife, was unreliable. Errors in an affidavit are properly addressed through a motion to controvert. Defendant's motion to controvert is not before us at this time.

informants' statements. The reliability of an affidavit containing information provided by informants other than the affiant is judged according to ORS 133.545(4): "If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained." This section requires that the affidavit communicate the basis for the informant's knowledge of the things stated and the credibility of the informant or the reliability of the things stated. *State v. Wilson/Helms,* 83 Or App 616, 621, 733 P2d 54, *rev den* 303 Or 172 (1987). The first prong is not at issue here, but defendant argues that the second prong has not been satisfied.

The reliability of information provided by an anonymous informant whose personal credibility is unknown may be established through "an independent investigation made by the affiant, which directly corroborates in essential particulars information furnished by the informant * * *." *State v. Macomber,* 16 Or App 54, 59, 517 P2d 344 (1973), *rev'd on other grounds* 269 Or 58, 523 P2d 560 (1974). The officer's investigation in this case provided corroboration of sufficient detail to establish the reliability at least of Informant #2's statements. Although not all the detail corroborated relates directly to the suspected criminal activity, "[p]olice corroboration which does not directly relate to the circumstances establishing probable cause is * * * as relevant to establishing the informant's veracity as is corroboration of the criminal activity itself." *State v. Hermach,* 53 Or App 412, 420, 632 P2d 466, *rev den* 291 Or 893 (1981). Informant #1's report, standing alone, might not have supported the issuance of a warrant, for it is not sufficient for the officer to corroborate only innocent and easily obtainable information such as a suspect's name and address.

However, the corroboration for Informant #2's information is much stronger. If the detail in the affidavit is unusual, invites explanation and is corroborated, probable cause may be found even though no criminal activity has been directly corroborated. Smith verified through his investigation that marijuana smoking paraphernalia was kept in defendant's home, that defendant had a basement window that was

covered, wet and mildewed, that there was pea gravel in defendant's driveway and that defendant's power consumption was higher than normal. The magistrate could reasonably have accepted the reliability of Informant #2's report based on that corroborative investigation.

■    Defendant also asserts that the affidavit is insufficient in failing to disclose the dates of the anonymous informants' observations. Without such disclosure, defendant argues, the magistrate could not find probable cause to believe that a search of defendant's residence would uncover the things specified. Contrary to defendant's assertions, however, each informant stated that the marijuana cultivating operation was taking place contemporaneously with that informant's report. Smith said in the first paragraph that he had been assigned to the narcotics detail for only six months when he signed the affidavit. It is reasonable to infer from the facts recited that he received the reports from the anonymous informants within that six-month period and that the informants' observations therefore could have been no more than six months old.

■    We need not decide whether a six-month delay is too long, for this affidavit contained other, more current information from which the magistrate could conclude that the operation that the informants described was continuing: Smith observed a marijuana pipe in defendant's living room and condensed water vapor and mildew in defendant's basement window on the day before he executed the affidavit, and he reported in the affidavit that defendant's power consumption was recently elevated. A magistrate is entitled to rely upon common sense and to examine the totality of the circumstances in deciding whether to issue a warrant. *State v. Prince,* 93 Or App 106, 760 P2d 1356 (1988). Considered as a whole, the information contained in Smith's affidavit could lead a reasonable magistrate to conclude that defendant conducted an on-going marijuana growing operation at his residence. *State v. Prince, supra.*

Reversed and remanded.