On appellants' petition for reconsideration filed July 24, reconsideration allowed; opinion (107 Or App 343, 812 P2d 832) modified; convictions vacated; remanded for further proceedings September 11, 1991

STATE OF OREGON,
*Respondent,*

*v.*

ALLAN BENJAMIN MORRISON,
*Appellant.*

(88-07-1542-C; CA A62301 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

DOUGLAS NEIL BARTEE,
*Appellant.*

(88-07-1542-C4; CA A62627)
(Cases Consolidated)

816 P2d 1217

Sally L. Avera, Public Defender, and Ingrid A. McFarlane, Deputy Public Defender, Salem, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendants have petitioned for review of our decision. 107 Or App 343, 812 P2d 832 (1991). We treat the petition as one for reconsideration, ORAP 9.15, and allow it. We modify our decision, vacate defendants' convictions and remand for further proceedings.

The facts may be found in our previous opinion in *State v. Morrision/Bartee, supra,* and will not be repeated here in any detail. We affirmed defendants' convictions, because we held that the trial court's denial of defendants' motions to suppress was correct. We upheld the validity of the search warrant because we concluded that the affidavit supporting that warrant established probable cause that police would find evidence of large scale marijuana cultivation at a farm near Burns. *Inter alia,* the affidavit described activity that police had observed with the naked eye from a neighbor's property. That activity was consistent with large scale marijuana cultivation on property that Burns owned. The affidavit also repeated hearsay from Washington police that Burns had provided capital and other assistance to support marijuana cultivation at other locations. The information from the Washington police was crucial to our decision because, under the totality of the circumstances, it "enabled the magistrate to infer reasonably that evidence of large scale marijuana cultivation would likely be found on the property." *State v. Morrison/Bartee, supra,* 107 Or App at 351.

In their petitions for reconsideration, defendants contend that we erred in not excising from the affidavit the information obtained from the Washington police, because that evidence was obtained only as a result of Officer Hickey's unlawful detention of Burns. Evidence presented at the suppression hearing disclosed that Hickey stopped Burns on Highway 20 about 50 miles from the property. At the time of the stop, Burns was driving a pick up truck that was hauling more than 20 bales of hay on a trailer. The state argued that Hickey had reasonable suspicion to stop Burns for unlawful transport of hay, in violation of ORS 164.815. The trial court disagreed and excised evidence of Burns' identity from the affidavit.

The issue then became whether the police would have obtained the information about Burns' criminal involvement in other marijuana cultivation projects "irrespective" of the unlawful stop. ORS 133.683. In our opinion, we said:

"Defendants argue that the court should have excised all assertions about Burns' criminal record as fruit of the poisonous tree, because that information was *derived from* learning Burns' identity in the purportedly unlawful automobile stop. ORS 133.683. The state argues that information about Burns' involvement in previous marijuana grow[ing] operations would have come to light irrespective of learning his identity in the automobile stop, because the utility records, which were obtained after the automobile stop and after learning about Burns' criminal record, were an independent source of his identity." *State v. Morrision/Bartee, supra,* 107 Or App at 350. (Emphasis in original.)

We agreed with the state:

"The court's denial of the motion to suppress supports the implicit finding that the state proved by a preponderance of the evidence that the identity evidence would have been discovered from an independent source. ORS 133.683." *State v. Morrision/Bartee, supra,* 107 Or App at 350.

ORS 133.683 provides:

"If a search or seizure is carried out in such a manner that things seized in the course of the search would be subject to suppression, and if as a result of such search or seizure other evidence is discovered subsequently and offered against a defendant, such evidence shall be subject to a motion to suppress unless the prosecution establishes by a preponderance of the evidence that such evidence would have been discovered by law enforcement authorities irrespective of such search or seizure, and the court finds that exclusion of such evidence is not necessary to deter violations of ORS 133.525 to 133.703."

In their petitions for reconsideration, defendants observe, correctly, that the police learned more in the traffic stop than merely Burns' *identity.* Police also learned, from reviewing Burns' driver's license, that he was a resident of Forks, Washington. They argue that the police would not have contacted the relevant authorities in Washington without knowing Burns' residence. Defendants argue that the

critical information about Burns' involvement in other marijuana operations would not have been discovered absent the unlawful search.

We concluded in our opinion that the trial court had made an "implicit finding" on the issue of inevitable discovery. Defendants argue that, because ORS 133.683 places the burden of proof on the state, the trial court must make relevant findings that the authorities would have discovered the incriminating information about Burns irrespective of information obtained in the unlawful vehicle stop. We agree that it is incorrect for an appellate court to infer that a trial court implicitly found in the state's favor on the burden of proof issue simply because the court denied the motion to suppress. We erred in our original opinions to that extent and modify them to remove any language to the contrary.

Stripped of the information of Burns' prior involvement in marijuana cultivation, the search warrant affidavit is insufficient to establish probable cause. Consequently, we vacate defendants' convictions and remand with instructions for the trial court to make a finding on the inevitable discovery issue on the existing record. If the court finds that the police would have inevitably discovered the information supplied by the Washington police, it shall reenter the judgments of conviction. If, however, the court finds that the state has failed to meet its burden, the trial court shall allow defendants' motions to suppress and order new trials.

Petition for reconsideration allowed; opinion modified; convictions vacated; remanded for further proceedings not inconsistent with this opinion.