Argued and submitted February 3, affirmed August 5, reconsideration denied November 18, petition for review denied December 22, 1992 (315 Or 272)

# STATE OF OREGON,
## *Respondent,*

*v.*

# ROBERT MARK HOFFER,
## *Appellant.*

## (89C-21119; CA A67328)

835 P2d 959

Frank E. Stoller, Dundee, argued the cause and filed the brief for appellant.

Janet E. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of manufacturing a controlled substance, possession of a controlled substance and keeping and maintaining a place where a controlled substance is kept. ORS 475.992(1); ORS 475.992(4); ORS 475.993(1)(e). He contends that the trial court erred by denying his motions to controvert and to suppress. We affirm.

State Trooper Welty submitted an affidavit in support of an application for a warrant to search defendant's house. Pursuant to that warrant, officers of the Oregon State Police searched the house and found several hundred marijuana plants and other evidence of a marijuana growing operation.

Before trial, defendant moved to controvert the evidence in Welty's affidavit.[1] Defendant's motion was supported by his attorney's affidavit. Welty and Trooper Gaukroger testified at the hearing. The court found that a passage about an "assault rifle" was inaccurate. It struck that passage and another, which it found to be "surplusage," from the affidavit, and denied the motion with respect to the remaining matters.

■ ■ Defendant contends that the court erred by not excising five additional passages from the affidavit.[2] In its

---

[1] ORS 133.693 provides, in part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness."

[2] Defendant claims that these statements should have been excised from Welty's affidavit:

"1. 'The manager of the motel had contacted Mr. Gaukroger and told him that [defendant], as soon as he would check in, would start placing several phone calls and receiving several phone calls; much more than usual for a normal occupant at the motel.'

"2. 'This subject has purchased an AR-15 assault rifle, which has no use other than as an assault rifle; it is not used as a hunting weapon.'

order denying the motion to controvert, the trial court found that the affiant had acted in good faith. Our review is, therefore, limited to "the accuracy and truthfulness of the affiant with respect to the evidence presented [in his affidavit]." ORS 133.693(1); ORS 133.693(2).

■ Defendant contested portions of the affidavit that indicated that he frequently checked into a motel, made false statements on the registration forms and made an unusual number of calls from his room, and that he made a large cash down payment on his house, despite the fact that he had no apparent source of income. He also asserted that the court should have stricken a passage that repeated the information about the "assault rifle." We agree with defendant that, because the court found that the first statement about the rifle was inaccurate, it should have stricken the passage that repeated that information. The remaining thrust of defendant's motion was that the informants were not reliable and that the information they had supplied to the affiant was inaccurate. A motion to controvert is not designed to challenge the truthfulness and accuracy of statements made by declarants to the affiant. *State v. Hitt*, 305 Or 458, 464, 753 P2d 415 (1988); *State v. Morrison/Bartee*, 107 Or App 343, 347, 812 P2d 832, *mod* 108 Or App 766, 816 P2d 1217 (1991). There is no evidence in the record that would indicate that Welty did not accurately and truthfully convey the information that he had received from the informants. The trial court correctly denied the motion to controvert.

■ ■ In his second assignment of error, defendant contends that the court should have granted his motion to suppress, because the affidavit was not sufficient to establish

"3. '[Defendant] has checked into the motel in the Milton-Freewater area, placing numerous phone calls and having numerous phone calls come back into the room, using false addresses and listing false license plate numbers for the vehicles he has been driving and listing false vehicles on the registration form.'

"4. '* * * and yet [defendant] has no visible income. Senior Trooper Gaukroger advised that [defendant's] last known occupation was that he was employed at Safeway as a clerk.'

"5. '* * * of which they placed a down payment at that time of fourteen thousand eight hundred dollars ($14,800) all in cash, the denominations were four hundred dollars ($400) in 50's, the rest in 100's, which based upon my training and experience, narcotics traffickers deal in cash and very seldom use checks.' " (Citations to affidavit page numbers omitted.)

probable cause to search his house. In reviewing the sufficiency of the affidavit, we give deference to the issuing magistrate. *State v. Young*, 108 Or App 196, 200, 816 P2d 612 (1991).

Defendant argues that the information supplied by two unnamed informants, defendant's neighbor and a motel manager, should have been stricken or ignored, because the affidavit lacks indicia of the informants' reliability.[3] The reliability of an unnamed informant may be established by "facts showing the information to be 'credible' [or] by facts showing information from the informant to be 'reliable.'" *State v. Alvarez*, 308 Or 143, 147, 776 P2d 1283 (1989). Corroboration of information supplied by an informant establishes the reliability of that information, and permits an inference that other information supplied by that informant is also reliable.

Much of the information that the motel manager gave to Gaukroger was contained in motel registration slips. Because that information came from the business records of the motel, it has indicia of reliability.[4] Those records indicated that defendant usually misstated his vehicles' license plate numbers and that he listed three different residence addresses during a two-month period. Welty corroborated the vehicle makes and license plate numbers by checking with the Department of Motor Vehicles. The manager told Welty that defendant made an unusually high number of phone calls from his room and gave Welty a list of the numbers that had been called from the room. Welty checked with the phone and electric companies. He discovered that one of the unlisted numbers that had been called from defendant's motel room belonged to defendant's residence. The affidavit contained sufficient corroborating evidence to allow the magistrate to conclude that the unnamed motel manager was reliable.

---

[3] ORS 133.545(4) provides, in part:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

[4] Business records are an exception to the hearsay rule, OEC 803(6), because statements contained in them are "made under circumstances calculated to give some special [indicia of] trustworthiness." *State v. Kendrick*, 239 Or 512, 515, 398 P2d 471 (1965). Those indicia of reliability are also valuable in weighing the sufficiency of an affidavit in support of a warrant application.

The affidavit indicated that defendant's neighbor told Welty that defendant's family had moved into the house "late December-early January of 1989," that defendant had said that he worked for Alaska Fish, and that, since moving in, defendant did not appear to be working. Records that Welty obtained from the electric company indicate that billing in defendant's name started the month after the neighbor indicated that defendant had bought his house, and that defendant had stated that he worked for Alaska Fish. Welty's investigation corroborated enough of the neighbor's information to allow the magistrate to conclude that the unnamed neighbor was reliable.[5]

◼     In denying defendant's motion to suppress, the court emphasized the fact that indoor marijuana cultivation requires increased power consumption. The affidavit showed that power consumption at defendant's house was more than double that used by the previous subscriber at that address. Defendant frequently checked into a motel, usually giving false information on the registration forms. He listed three different residence addresses, none of which matched his actual address. Only one of his six vehicles was registered at that address. He always paid for the motel room in cash, and he made a $14,800 down payment on his house in cash. Welty's training and experience indicated that large cash transactions were consistent with participation in drug sales.

The evidence before the magistrate pointed to defendant's residence as the location where evidence of the cultivation, distribution, possession and use of controlled substances would probably be found. ORS 133.555(2); *State v. Moylett*, 313 Or 540, 551-52, 836 P2d 1329 (1992). The trial court properly denied the motion to suppress.

Affirmed.

[5] We note that, although the motel manager and the neighbor were unnamed, their identities are not confidential and can be easily ascertained. Unlike confidential informants, they potentially expose themselves to civil and criminal liability for making false statements. *Cf. State v. Girard*, 106 Or App 463, 467, 808 P2d 1017 (1991). Although the state does not raise the issue, we believe that that exposure engenders additional indicia of the informants' reliability.