Argued and submitted January 31, reversed and remanded October 14, reconsideration denied December 9, 1992, petition for review denied January 26, 1993 (315 Or 312)

STATE OF OREGON,
*Appellant,*

*v.*

CLIFFORD DUANE BICE,
*Respondent.*

(90CR1374FE; CA A68663 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

CRYSTAL ANN BICE,
*Respondent.*

(90CR1375FE; CA A68664)
(Cases Consolidated)

839 P2d 244

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant in each case. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven Humber, Deputy Public Defender, Salem, argued the cause for respondent in each case. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants are charged with a number of drug related offenses, including manufacture of a controlled substance, marijuana. ORS 475.992(1). The state appeals pretrial orders suppressing evidence seized pursuant to a search warrant. The issue is whether the information in the affidavit, submitted to obtain the warrant, established probable cause to believe that the evidence would be at defendants' residence.

Officer Paul, the affiant, swore in the affidavit that he had spoken to a "confidential reliable informant," referred to as "A":

> " 'A' told me a person by the name of 'Cliff' lives on Nonpareil Road, Sutherlin and is growing marijuana. 'A' observed, in the back of the garage building, a room set up for a marijuana grow, it has marijuana stalks without leaves in it, and marijuana is being dried in the garage.

> "In the house, 'A' observed a closet converted over to drying marijuana. Observed by 'A' were several ounces to pounds of marijuana being dried. 'A' stated that 'A' observed all of this approximately two months ago."

The balance of the affidavit describes the affiant's experience with and knowledge about illegal drug operations, facts about "A"'s credibility and reliability as an informant and a table showing the monthly electric power usage of defendants' residence.

The trial court held that there were two deficiencies in the affidavit and, therefore, that it did not establish probable cause to support a warrant. The court first concluded that the recitation of the electric power consumption was "useless," because there was no information about whether it was high, low or average for a residence of the size indicated. Second, the court concluded that the information from "A" was "stale."[1]

◼ Defendants characterize the trial court's determination as findings of fact that we must accept if there is evidence to support them. The scope of our review is the same as that of

---

[1] The court concluded that "A" was credible and the information given by "A" was reliable. Defendants do not challenge that conclusion.

the trial court. We review the facts averred in the affidavit to determine if the issuing magistrate could reasonably have drawn inferences from the data in the affidavit to find probable cause to issue a search warrant. If the affidavit is not controverted, there is no fact-finding involved in a review of the magistrate's decision to issue the warrant. *State v. Young*, 108 Or App 196, 816 P2d 612 (1991).

■　　We share the trial court's concern about the usefulness of the data on electric power consumption. The affiant stated in the affidavit that the data showed "high power usage." However, there is no information, other than that conclusion, to demonstrate any basis of comparison.

■　　Even disregarding the power use information, there are sufficient facts recited to support the magistrate's issuance of the warrant. The informant told the officer that there was a setup for a marijuana growing operation in defendants' residence and that a closet in the house had been converted for drying marijuana. "A" had made those observations in defendants' house about two months before the warrant was issued. That information, from a concededly reliable informant, ORS 133.545(4), is sufficient to establish probable cause to believe that evidence of a marijuana growing operation would be in the residence.

"A" 's recitation to the officer was in conclusory form. The activity that "A" observed was described as a "room set up for a marijuana grow" and "a closet converted over to drying marijuana." The statements are an acceptable shorthand method of describing what was seen by "A." *State v. Lichty*, 313 Or 579, 835 P2d 904 (1992). The affidavit disclosed that "A," because of his background, would recognize a marijuana growing operation.

We disagree with the trial court's determination and the defendants' argument that, because of the time between "A"'s observation and the issuance of the warrant, there is no basis for an inference that evidence would still be in the house. The information was not about a quantity of marijuana that may be consumed or moved, but about a marijuana growing operation. The evidence sought was not only marijuana, like that seen by the informant, but other more durable evidence of an on-going drug manufacturing operation. It

is reasonable to believe that that operation would continue for a considerable period of time. *State v. Young, supra.*

The court erred by granting the motions to suppress.

Reversed and remanded.