Argued and submitted December 16, 1992, affirmed March 17, reconsideration denied August 11, petition for review pending 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# PETER EVAN STRANCE,
*Appellant.*

## (90-1713; CA A73380)

848 P2d 1226

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Edmonds and Richardson, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his convictions for manufacture, delivery and possession of a controlled substance. ORS 475.992. He contends that the trial court erred when it denied his motions to controvert the information in the search warrant affidavit, to suppress the evidence seized under the search warrant, and to dismiss the indictment for the state's failure to submit information about an informant to the court.[1] We affirm.

On October 1, 1990, police searched defendant's house pursuant to a search warrant. Officer Coates was the affiant for the affidavit in support of the search warrant. In the affidavit, he recited his training and experience relating to narcotics investigations, listed information he had received from a confidential reliable informant (CRI) and provided reasons why he believed that the CRI's information was reliable. Because the state did not comply with the trial court's order to produce the police file on the CRI for an *in camera* inspection, the court excised the information from the CRI from the affidavit as a sanction. The affidavit also included information that Coates had received from a named informant:

"On September 28, 1990 I was contacted by Angela Dee Knight, D.O.B. 04-26-56, who wished to provide me with information regarding a marijuana growing operation. Ms. Knight told me that she knows of a person named Peter Strance who she believes is growing marijuana in the Redland area. Ms. Knight told me that Peter Strance owns a construction business and that a person named Gary Rosenthal is one of his employees.

"Ms. Knight told me that she recently had a conversation with a person known to her as Ginger Dudley. During this conversation, Ginger Dudley told Angela Knight that she had spent the night at Peter Strance's residence on or about 09-24-90. Ginger Dudley told Angela Knight that, while she was at Strance's residence, she awoke in the middle of the night and was attempting to find the restroom. Ms. Dudley opened a door and was immediately overwhelmed by the odor of growing marijuana. Ms. Dudley told Angela Knight that

---

[1] We reject defendant's argument that the trial court's order did not expressly deny his motion to controvert. The order was patterned after the court's letter opinion that addressed and denied his motions to controvert and to suppress.

this room was full of green growing plants which she believed to be marijuana.

"Angela Knight told me that she knows a subject by the name of Robin Fox who was living with Peter Strance up until late August of 1990. Ms. Knight said that Robin Fox told her that she was under house arrest with Clackamas County Parole and Probation. Robin Fox told Ms. Knight that Peter Strance was not comfortable with Fox living at his residence while on probation because of the fact he was growing marijuana at his house. Robin Fox told Ms. Knight that she had seen a room inside of Peter Strance's residence that was filled with growing marijuana.

"Angela Knight told me that she has seen Robin Fox use marijuana on several occasions. Robin Fox told Ms. Knight she is familiar with marijuana grow operations because her brothers have grown marijuana in the past.

"Angela Knight told me that she had called Robin Fox at the phone number of 631-7646 while Robin was living at Peter Strance's residence."

In the affidavit, Coates said about Knight's testimony:

"I know from checking through the Cole Directory that the telephone number of 631-7646 comes back to a Peter Strance at 18636 S. Terry Michael Drive, Oregon City, Oregon."

Also, in the affidavit, Coates described his personal observations:

"On 10-01-90 Deputy Kim Lowe and I went to the address at 18636 S. Terry Michael Drive to attempt to contact Peter Strance and obtain his consent to search his residence for growing marijuana. Upon arrival we observed a stack of green plastic pots on the ground near the garage. As I approached the front door to the residence, I heard a humming motor type noise coming from inside the attached garage. We knocked on the front door and did not receive any response.

"I know from my training and experience that green plastic pots such as the pots I observed near the garage are of the same size and type commonly used to grow marijuana indoors. I have seen these same type and size of planting pots used in approximately ten indoor marijuana grows. I also know that persons who grow marijuana indoors commonly use halide-type lights, ballasts, and/or fans in the cultivation

of marijuana. I know that this type of equipment generates an audible humming noise."

■■ Defendant moved to controvert the affidavit under ORS 133.693(2),[2] because Coates did not supply information in his affidavit about Knight's criminal background. At the hearing, Coates testified that he knew at the time he applied for the search warrant that Knight had previously been an informant, that she had a criminal record and that she had a pending criminal charge against her. We review the affidavit anew in the light of the omitted facts adduced at the hearing. *State v. Harp*, 68 Or App 666, 671, 685 P2d 432 (1984), *aff'd* 299 Or 1, 697 P2d 548 (1985); *see also State v. McKee*, 89 Or App 94, 100, 747 P2d 395 (1987). Our standard of review is whether the warrant would have been issued if a reasonable magistrate had had that information.

■■ The trial court ruled that the affidavit showed probable cause for the search even without reference to the information furnished by the CRI. When the information in the affidavit is provided by a named declarant, the test is whether, under the totality of the circumstances disclosed in the affidavit, the information is sufficiently reliable to support the issuance of the search warrant. *State v. Farrar*, 309 Or 132, 144, 768 P2d 161 (1990). The fact that Knight is named in the affidavit has some significance in determining the reliability of the information. *State v. Carlile*, 290 Or 161, 619 P2d 1280 (1980). However, her criminal record and a pending criminal charge against her are indicia that are contrary to the inference of reliability that follows from information given by an ordinary citizen informant. Knight made no personal observations of a marijuana growing operation. Her information consists of what two other named informants told her. When an informant does not offer direct observations, but hearsay from other sources, that informant is merely a conduit for the information, which must be tested independently for reliability. *State v. Worsham*, 114 Or App 170, 834 P2d 1033,

---

[2] ORS 133.693(2) provides:

"If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness."

*rev den* 314 Or 574 (1992); *State v. Young*, 108 Or App 196, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992).

■ Information supplied by informants can be deemed reliable if corroborated. Although the information corroborated need not relate directly to the suspected criminal activity, it must be relevant to the issue of the reliability of the information or the veracity of the informants. *See State v. Brust*, 94 Or App 416, 420, 765 P2d 1246 (1988). Knight called Fox at 631-7646 when Fox said she was living with defendant. The subscriber for telephone number 631-7646 is defendant. The address for the telephone number is 18636 S. Terry Michael Drive, Oregon City, Oregon. The DMV records and the electrical utility records indicate that defendant lives at that address. When Coates went to that address, he saw a stack of green plastic pots on the ground near the garage that he knew, from his training and experience, are commonly used to grow marijuana. Also, he heard a humming motor type noise coming from inside defendant's garage, consistent with the noise created by equipment used to grow marijuana indoors. The observation attributed to Fox is corroborated by what Dudley told Knight that she saw.

Although none of this information by itself is sufficient to constitute probable cause, its combined effect could allow a magistrate to find that two named individuals said that they saw marijuana growing in a house, that the presence of one of those individuals in the house can be confirmed by a third named individual, and that the person who all the informants said lived in the house lived there. When that information is considered with Coates' observations, we agree with the trial court that the affidavit gives rise to probable cause to believe that marijuana would be found in the house.

■■ Finally, defendant argues that his indictment should have been dismissed because of the failure of the state to comply with the court's order to turn over the CRI's files for an *in camera* inspection. It is within the discretion of the trial court to determine the sanction to be imposed for the refusal to obey a court order. *Taylor v. Gladden*, 232 Or 599, 377 P2d 14 (1962). We conclude that the trial court did not abuse its discretion in sanctioning the state's disobedience of its order

by striking all information provided by the CRI from the affidavit, rather than by dismissing the indictments.

Affirmed.