Argued and submitted August 12, 1992, reversed and remanded September 22, 1993

# STATE OF OREGON,
*Appellant,*

*v.*

# RICHARD D. BROTHERTON,
*Respondent.*

## (91C-20429; CA A71677)

859 P2d 565

Harrison Latto, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Arnold W. Poole, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant was charged with manufacture of a schedule I controlled substance (marijuana), ORS 475.992(1), and unlawful possession of a schedule II controlled substance (cocaine). ORS 475.992(4). He moved to suppress evidence seized during a search conducted pursuant to a search warrant, on the ground that the affidavit supporting the search warrant did not establish probable cause. The trial court granted defendant's motion, concluding that the affidavit failed to set forth the basis of knowledge and the credibility of the "unwitting informant" and, therefore, did not establish probable cause. The state appeals from the trial court's order granting defendant's motion to suppress. We reverse.

Oregon State Police Officer Curths submitted the affidavit for the search warrant. After detailing his experience in narcotics investigations, he recited information that he received from a confidential informant (CI). Curths stated that the CI related personal observations, as well as information gathered from personal conversations with Jesse Hayes. Curths related that the CI told him that, two weeks previously, Hayes had said that she was married to a man named Rick, who had an indoor marijuana growing operation with $10,000 worth of "grow" equipment at his residence at 1180 Columbia NE, Salem. The CI told Curths that Hayes had said the residence was damp and humid inside and that the paint was peeling off the exterior. The CI said that Hayes said that she ended her relationship with Rick about a month ago because of the marijuana growing operation. The affidavit states that the CI was unsure of Rick's last name but that Hayes had told the CI that his last name was Bremer or something similar to that name. The CI also told Curths that he had observed Hayes with some marijuana and that she had said that she got it from Rick. The CI gave Curths Rick's phone number and description and said that Rick drove a red jeep. The CI also gave Hayes' description and address.

Curths corroborated Hayes' address, description and her association with a man named Richard Brotherton, defendant, who lived at 1180 Columbia NE, Salem. Curths learned that Hayes and defendant had been arrested together in the past, and the paperwork related to that arrest listed the same address for both. Curths also determined that the CI's

description of defendant was substantially accurate and that defendant's phone number matched the number given to him by the CI. Curths learned from records of Portland General Electric that the electricity usage at defendant's address was triple the usage of the previous resident. The records showed a significant increase in usage soon after defendant started service at that residence. He also learned that Hayes started electric service at her present address approximately 2 1/2 months earlier. Curths observed that all of the windows of defendant's residence were covered except for two windows in the living room and that the exterior paint was peeling. He also stated in the affidavit that he had observed that the window of the garage door was covered and that there was a red jeep parked at the garage. He saw no visible signs of welding, or a pottery business, or other activity that might explain the high usage of electricity.

■　　An affidavit is sufficient to support a search warrant if the magistrate could reasonably believe that the facts stated are true and that the things specified in the affidavit will probably be found in the place to be searched. ORS 133.555(2); *State v. Moylett*, 313 Or 540, 552, 836 P2d 1329 (1992); *State v. Villagran*, 294 Or 404, 657 P2d 1223 (1983). On appeal, the state argues that the affidavit here was sufficient to support the issuance of the search warrant. We agree.

■　　An affidavit supporting a search warrant that relies on information from an unnamed informant must demonstrate the unnamed informant's veracity by showing that the information is reliable or that the informant is credible. In addition, the unnamed informant's basis of knowledge must be established. ORS 133.545(4); *State v. Young*, 108 Or App 196, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992).

■■　　Here, the CI's basis of knowledge was established. The CI's information was obtained from the conversation with Hayes and the CI's observation of Hayes in possession of marijuana. Further, the CI's veracity was established by the fact that the information was shown to be reliable by Curths' substantial corroboration of the information supplied by the CI. He corroborated defendant's description, address and telephone number, that there was a red jeep parked at defendant's residence and that its exterior paint was peeling. He

also corroborated Hayes' description and address. Additionally, he confirmed that Hayes and defendant had a "domestic" relationship and at some time in the past had lived together. Furthermore, he found that Hayes started electric service at a new residence on January 1, 1991, indicating a change of residence which roughly correlated with her statement that she had ended her relationship with defendant about a month before she talked with the CI.

■ Curths' corroboration of the information that Hayes allegedly gave to the CI is relevant to the veracity of the CI, because it shows that the CI is accurately remembering and relating conversations with Hayes. Although none of the information corroborated was incriminating, information not directly related to criminal activity is demonstrative of present good performance and is relevant to establishing the veracity of an informant. *State v. Young, supra*, 108 Or App at 201. Here, there was sufficient corroboration of the details of the CI's information to establish its reliability and, consequently, the CI's veracity.

■ Because the CI was serving as a conduit for information from another source, Hayes, it is necessary to assess her veracity separately. *State v. Young, supra*, 108 Or App at 196. The standard for analyzing information in an affidavit from a named informant is whether under the "totality of the circumstances," the information is sufficiently reliable to support issuance of a search warrant.[1] *State v. Young, supra*, 108 Or App at 203.

■ The fact that Hayes was named in the affidavit is entitled to some weight in determining the reliability of her information, even though she was an unwitting informant. *See State v. Young, supra*, 108 Or App at 203. Hayes' information was based on personal knowledge, which provides an additional reason for giving substantial weight to that information. Furthermore, Hayes made statements against her penal interest when she told the CI that she had received marijuana from defendant. Such statements have indicia of

---

[1] We note that in concluding that the affidavit for the search warrant was insufficient, the trial court incorrectly applied the *Aguilar/Spinelli* test codified in ORS 133.545(4) to Hayes, a named informant. *State v. Farrar*, 309 Or 132, 144, 786 P2d 161 (1990).

reliability, which bear on the veracity of an unwitting informant. *State v. Alvarez*, 308 Or 143, 148, 776 P2d 1283 (1989); *State v. Worsham*, 114 Or App 170, 834 P2d 1033, *rev den* 314 Or 574 (1992). Finally, as noted, there was corroboration of much of Hayes' information. Under the totality of the circumstances, Hayes' veracity was established by the affidavit supporting the issuance of a search warrant. The trial court erred in concluding that the affidavit failed to establish the "unwitting informant's" veracity.

██ ██ Defendant next argues that, even if the information in the affidavit was reliable, it is insufficient to establish probable cause. We disagree. Probable cause is established when an affidavit for a search warrant states facts that would lead a reasonable person to believe that evidence or contraband will probably be found at the location to be searched. *State v. Anspach*, 298 Or 375, 692 P2d 602 (1984). Here, there was information that "Rick" was growing marijuana at his residence at 1180 Columbia NE and that he had $10,000 worth of grow equipment there. Curths determined that defendant, Richard Brotherton, lived at that address. Further, the CI observed marijuana in Hayes' possession that she said that she received from defendant. Defendant's electrical usage was triple that of the previous resident of his house. All of the windows of the residence were covered except two windows in the living room. Defendant had been arrested for two drug related offenses, tampering with drug records and possession of less than an ounce of marijuana. We conclude that the facts recited in the affidavit would lead a reasonable person to conclude that evidence of a marijuana growing operation would probably be found at defendant's residence. The trial court erred in allowing defendant's motion to suppress.

Reversed and remanded.