Argued and submitted January 31, affirmed November 15, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## LELAND W. SPRIGGS,
*Appellant.*

(CR93-237; CA A82311)

905 P2d 263

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was convicted of the manufacture, possession and delivery of a controlled substance. ORS 475.992(1); ORS 475.992(4). Before trial, he moved to suppress evidence seized pursuant to a search warrant. The court denied the motion. Defendant appeals, assigning error to that denial. We affirm.

On February 16, 1993, Officer Henry of the McMinnville Police Department applied for a warrant to search defendant's home. In the affidavit, Henry stated that he was contacted by a confidential and reliable informant (CRI), who had not previously provided information to the police. The CRI told Henry about a marijuana growing operation inside defendant's house. The CRI further told Henry that the CRI had used marijuana in the past, had seen marijuana plants before, and could identify them.

Henry further related that the CRI had visited defendant at his residence on numerous occasions. The CRI provided the address of defendant's residence, which the CRI described as a yellow house with several cars, including a white Lincoln Continental and a Bronco II. The CRI described defendant's growing operation in detail—that the marijuana was grown under lights with shrouds around them and that there were timers, heaters and other electrical equipment. The CRI reported that defendant started the growing operation at the time defendant moved into the house and that, within the past month, the CRI had seen about 100 marijuana plants of various sizes in defendant's house. The CRI stated that defendant stored the harvested marijuana in 1/8 ounce bags inside his freezer. The CRI further reported that defendant sold the marijuana outside of the McMinnville area, transporting it in either the Bronco or the Continental. Finally, the CRI told Henry that, to facilitate the growing operation, the structure of defendant's house had been altered and that the windows of the house were completely covered.

In his affidavit, Henry related his training and experience regarding indoor growing operations, including the need for large amounts of electricity. He stated that he had verified the location and color of defendant's house. Henry

also saw that the windows on the street side of the house were covered or had the drapes drawn, and that the garage windows had "more permanent coverings over them." Henry also saw four cars at the property, including a white Lincoln Continental and a Bronco, and, after running a computer check, he determined that the Continental was registered to defendant. Henry next stated that he had spoken with an employee at the local utility company and obtained copies of power usage records for defendant's address from 1987 to the present and for surrounding houses. Henry saw a "dramatic increase" in defendant's power usage when compared to the power usage of the previous occupants.

 A magistrate is authorized to issue a search warrant if the application is supported by probable cause. ORS 133.555(2). Probable cause exists if the facts in the record presented to the magistrate would lead a reasonable person to believe that seizable items will probably be found in the place to be searched. *State v. Moylett*, 313 Or 540, 552, 836 P2d 1329 (1992). We review the affidavit to determine if the magistrate could reasonably have drawn inferences from the data in it to find probable cause. *State v. Bice*, 115 Or App 482, 485, 839 P2d 244 (1992), *rev den* 315 Or 312 (1993). When an informant is unnamed, the affidavit must disclose the informant's basis of knowledge and must set forth facts demonstrating the informant's veracity by indicating either that the informant is credible or that the information provided is reliable. ORS 133.545(4); *State v. Young*, 108 Or App 196, 201, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992).

The affidavit shows that the basis of the CRI's knowledge was personal observations. Defendant argues, however, that the affidavit does not show that the CRI was credible or that his information was reliable. He argues that the CRI was not credible, because the CRI had not provided information in the past and did not perform any "controlled buys" for the police here. *State v. Alvarez*, 308 Or 143, 148, 776 P2d 1283 (1989); *State v. Chezem*, 125 Or App 341, 347, 865 P2d 1307 (1993). The state argues that the affidavit shows that the information is reliable by the cross-corroboration of the information provided by the CRI. *See State v. Prince*, 93 Or App 106, 760 P2d 1356, *rev den* 307 Or 246 (1988).

■ In *Prince*, the affidavit provided information from three informants, who were "local residents." Here, although there was no cross-corroboration from other informants, the reliability of the information is demonstrated by Henry's corroboration of facts provided by the CRI. *See State v. Hoffer*, 114 Or App 508, 512, 835 P2d 959, *rev den* 315 Or 272 (1992) (corroboration of information supplied by an informant establishes reliability of the information and permits inference that other information supplied by informant is also reliable).

Some of the corroborated information — the location of the residence, its color and the presence of vehicles — was easily obtainable and innocent. Standing alone, it would not establish the veracity of the informant. *See State v. Brust*, 94 Or App 416, 765 P2d 1246 (1988). However, Henry also corroborated the CRI's information that "walls have been altered and windows changed or covered," details that were unusual and invited explanation. *Id.* at 420. He also determined that the Continental was registered to defendant. Although that information was not incriminating, it was relevant to establishing the veracity of the informant. *See State v. Brotherton*, 123 Or App 243, 247, 859 P2d 565 (1993). Additionally, Henry's investigation showed a "dramatic increase" in the power consumption at defendant's residence, which corresponded to the period of time that the CRI had stated that defendant was conducting the growing operation.

We conclude that Henry's corroboration permitted an inference that the information was reliable. The combined effect of that information was sufficient for a magistrate to find that the CRI had seen marijuana growing in defendant's house, and that marijuana would be found there. *See State v. Strance*, 118 Or App 645, 650, 848 P2d 1226, *rev den* 317 Or 584 (1993). The trial court did not err in denying defendant's motion to suppress.

Affirmed.