Argued and submitted February 22, 1999, affirmed February 9, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD ANDREW ARANA,
*Appellant.*

(96C-20213; CA A95920)

998 P2d 688

David E. Groom, Public Defender, and Steven V. Humber, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Anne L. Cottrell, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals his judgments of conviction for the manufacture, delivery, and possession of a Schedule I controlled substance, ORS 475.992. He assigns error to the trial court's denial of his motion to suppress evidence obtained pursuant to a search warrant, arguing that the search warrant was not based on probable cause that evidence of the manufacture, delivery, and possession of marijuana would be discovered at his residence and associated buildings. In particular, defendant argues that the affidavit on which the search warrant was based did not establish the veracity of the "confidential reliable informant" (CRI) and that the information in the affidavit was stale, *i.e.*, did not support probable cause that the items sought were still at his residence at the time the warrant was made. We affirm the trial court.

The search warrant here was based on the affidavit of Detective Curths, an 18-year veteran of the Oregon State Police. Search warrants may issue only when the record before the magistrate supports a finding of probable cause to believe that "the search will discover things specified in the application." ORS 133.555(2). We review to determine whether the magistrate could conclude, based on all the facts and circumstances shown by the affidavit, that probable cause exists for the search. *State v. Young*, 108 Or App 196, 200, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992). More particularly, we must determine if the magistrate could reasonably conclude (1) that the facts stated in the affidavit are true, and (2) that the facts and circumstances are sufficient to establish probable cause to justify the search. *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983). Where the affidavit relies on information supplied from an unnamed informant, we must examine whether the affidavit communicates the basis for the informant's knowledge of the things stated and the credibility of the informant or the reliability of the things stated. *State v. Brust*, 94 Or App 416, 420, 765 P2d 1246 (1988). The credibility of an unnamed informant may be established through the corroboration of essential particulars of information furnished by the informant. *Id.* "Probably" means "more probably than not," *State v. Chambless*,

111 Or App 76, 80, 824 P2d 1183, *rev den* 313 Or 210 (1992), and probable cause is based on the information presented in its totality, *State v. Gale/Rowden*, 105 Or App 489, 497, 805 P2d 158, *rev den* 311 Or 427 (1991).

For brevity, we do not separately recite the facts but state them as relevant to our analysis. We begin by noting that the CRI explained to Curths that the CRI could identify marijuana, having both observed and smoked it in the past. The CRI explained that he was personally acquainted with defendant and that the CRI personally observed marijuana growing on defendant's premises. The CRI also explained in detail the location and configuration of the growing rooms based on his own observations and on what defendant told the CRI. The affidavit established the CRI's ability to identify marijuana, and personal observation is a sufficient basis for knowledge. *State v. Spriggs*, 137 Or App 601, 604, 905 P2d 263 (1995).

The affidavit also established the CRI's credibility. First, Curths explained that the CRI had no criminal convictions, was not involved criminally with defendant, nor was he otherwise interested in the outcome of this case. *See State v. Binner*, 128 Or App 639, 647, 877 P2d 642, *rev den* 320 Or 325 (1994) (disinterestedness relevant to credibility); *see also State v. Montigue*, 288 Or 359, 605 P2d 656, *cert den* 449 US 846 (1980) (discussing some relevant factors in assessing credibility of informant and reliability of information).

Second, the CRI related a large amount of detail concerning the configuration and ongoing nature of the growing operation. *See Brust*, 94 Or App at 420 (detailed observations are relevant to credibility). For example, the CRI described that the defendant lived at a particular address and that the address had three structures, including a single wide mobile home, a double wide mobile home, and a shop. He explained that the interior of the shop was reconfigured for the growing operation and contained three growing rooms. He stated that those rooms were painted white and contained large bright lights. He also explained that in the summer of 1995, defendant had told the CRI that he intended to stop his growing operation to avoid the kind of suspicion at that time directed at defendant's associates.

Third, Curths corroborated all of that information through his own observations and investigation. In particular, Curths verified defendant's address, observed the structures on the property, and observed, through an open door, a wall partition and room area consistent with the CRI's description. Curths also observed covered windows in the shop and a vent in the location described by the CRI as containing the largest growing room. Curths explained that, in his experience, those features are common and necessary for growing operations. Curths also obtained the power usage records for the property, which corroborated the CRI's description of defendant's cessation of growing activities in the summer and which also were consistent with a resumption of growing activities in the winter. Thus, Curths corroborated both neutral information and information relevant to the criminal activity. *See Spriggs*, 137 Or App at 605 (corroboration of easily obtainable and neutral information does not, standing alone, establish veracity of informant); *Binner*, 128 Or App at 648 ("That some of the corroborated details concern nonincriminating facts does not adversely affect their worth for establishing the informant's veracity.").

■ ■ Defendant argues that the affidavit nevertheless does not provide probable cause because the information was stale. We disagree. Here, the CRI's last observation, in June 1995, was six months before the warrant was issued in January 1996. Although the length of time is relevant to the determination of probable cause, its probative value is considered in light of all of the presented facts. *Gale / Rowden*, 105 Or App at 497. Having established the credibility of the CRI, the magistrate could assume the veracity of his statement concerning the cessation of defendant's growing activities to avoid suspicion. However, the CRI also provided a detailed description of an ongoing growing operation, including who was involved, the operation's multiple crops, the structural changes to defendant's buildings, and the fact that defendant's income was dependent on the growing business. Indeed, Curths, based on his experience, also explained the longer term nature of growing operations and the durable nature of the structural modifications to enable such endeavors. *State v. Bice,* 115 Or App 482, 485-86, 839 P2d 244 (1992), *rev den* 315 Or 312 (1993) (the ongoing nature of an

activity and the durability of its accoutrements are relevant to probable cause).

In any event, the record also contains more current information. Curths explained that the CRI approached him within the "past 30 days" of the warrant's issuance in January 1996. In that time, Curths observed continued structural changes to the property conducive to a growing operation, including covered windows. The power usage reports also indicated an above average usage of electricity that winter, and the pattern of usage was consistent with the CRI's report of a cessation of growing activities and with a winter resumption of indoor cultivation. *See Brust,* 94 Or App at 421 (regardless of six-month delay, more current information considered in totality, including recent elevation of power usage, established probable cause); *State v. Prince,* 93 Or App 106, 113, 760 P2d 1356, *rev den* 307 Or 246 (1988) (power usage records relevant to probability of existence of marijuana growing operation).

In sum, from the CRI's credible description of a long-term operation and the detective's investigation revealing potential current activity, the magistrate could conclude that the search would more probably than not reveal evidence of marijuana manufacture, possession, and delivery.

Affirmed.