Argued and submitted February 24, affirmed September 6, 1995, petition for review denied January 23, 1996 (322 Or 489)

ROBERT MARK HOFFER,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(93C-11152; CA A83069)

902 P2d 127

Frank E. Stoller argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

Petitioner was indicted in Marion County for manufacture of a controlled substance, possession of a controlled substance, and keeping and maintaining a place where a controlled substance is kept. ORS 475.992(1); ORS 475.992(4); ORS 475.993(1)(e). At some point in the course of a jury trial, petitioner and the state agreed to dismiss the jury and to resolve the charges pursuant to stipulated facts and certain sentencing concessions by the state. As part of the agreement, petitioner agreed to "waive any right to file a petition for post-conviction relief alleging any irregularities or incompetency of counsel or anything of that nature." Petitioner was found guilty of the charges on the stipulated facts, and at sentencing the state fulfilled its part of the agreement. Petitioner appealed, arguing that the court erred in denying his motions to controvert and to suppress. We affirmed. *State v. Hoffer*, 114 Or App 508, 835 P2d 959, *rev den* 315 Or 272 (1992).

Following the denial of his direct appeal, petitioner filed a petition for post-conviction relief. In his petition, he contended that, as a result of prosecutorial misconduct and the ineffective assistance of trial counsel, his constitutional rights were violated. The state filed an answer and, on November 19, 1993, moved for summary judgment. The state's motion, which was supported by affidavits and transcripts from petitioner's trial, was based on the assertion that petitioner's claim should be dismissed because, as part of the plea and sentencing agreement he had made with the state, he had waived his right to seek post-conviction relief.

■ Unless otherwise provided for in the Post-Conviction Hearing Act, the Oregon Rules of Civil Procedure apply in post-conviction proceedings. *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992); *Palmer v. State of Oregon*, 121 Or App 377, 380, 854 P2d 955 (1993), *rev'd on other grounds* 318 Or 352, 867 P2d 1368 (1994). Pursuant to ORCP 47 C and D,[1] petitioner needed to file a response (affidavits and

---

[1] ORCP 47 C provides, in part:

supporting documents) within 20 days of the date the motion was filed. However, petitioner filed no response, and, on January 14, 1994, almost two months after the motion was filed, the court granted the state's motion. On January 19, 1994, petitioner filed a memorandum of law in response to the state's motion. Nothing in the record indicates that the court considered petitioner's untimely memorandum or his subsequent motion to reconsider the summary judgment motion.

■     On appeal, petitioner argues that the court erred when it granted the state's motion for summary judgment, because "[p]ost-conviction relief, provided for by ORS 138.510 *et seq*, may not be waived as a matter of law." The state argues that we may not review petitioner's claim of error because he did not preserve it in the trial court. We agree.

Petitioner failed to timely respond to the motion for summary judgment. Although he may not have any dispute with the facts established by the state's affidavit, he nevertheless had an obligation to present argument to the court regarding why the state's motion should not be granted. By failing to respond to the motion for summary judgment, petitioner failed to preserve for appellate review any argument or issue concerning the validity of his agreement to waive his right to seek post-conviction relief. *See State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993); *State v. Castrejon*, 317 Or 202, 209, 856 P2d 616 (1993). Because petitioner's claim of error is not an error apparent on the face of the record, we may not review it. ORAP 5.45(2); *Ailes v.*

---

"The adverse party shall have 20 days in which to serve and file opposing affidavits and supporting documents. * * * The court shall have discretion to modify these stated times. The judgment sought shall be rendered forthwith, if the pleadings, * * * together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

ORCP 47 D provides, in part:

"When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

*Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Affirmed.