Argued and submitted November 6, 2006, affirmed April 4, 2007

## SCOTT ARTHUR HARRISON,
*Petitioner-Appellant,*

*v.*

## Guy HALL,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV041441; A129498

156 P3d 141

James N. Varner filed the brief for appellant.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Brewer, C. J., *vice* Linder, J.

**WOLLHEIM, J.**

Petitioner appeals a general judgment dismissing his petition for post-conviction relief under ORS 138.510 to 138.680 after the trial court granted the state's motion for summary judgment. We conclude that petitioner did not preserve the issue he raises on appeal and affirm.

Petitioner was convicted of one count of unlawful sexual penetration in the first degree, ORS 163.411, and one count of sexual abuse in the first degree, ORS 163.427. Petitioner appealed his convictions, and we affirmed. *State v. Harrison,* 189 Or App 89, 74 P3d 113 (2003), *rev den,* 336 Or 376 (2004).

Following the judgment issued on his direct appeal, petitioner filed a *pro se* petition for post-conviction relief. The day after he filed his petition, the trial court appointed counsel to represent petitioner in his post-conviction case. Petitioner's counsel prepared and filed petitioner's first amended petition; however, counsel did not attach any accompanying affidavit, declaration, or trial transcript supporting the petition. In response, defendant moved to dismiss the petition as meritless under ORS 138.525 and moved to dismiss and strike under ORCP 21 A(8) and ORCP 21 E, alleging failure to state a claim and failure to attach "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition[.]" ORS 138.580. Despite petitioner's opposition to the motion, the trial court struck the first amended petition for failure to comply with ORS 138.580, and allowed petitioner 30 days to gather and attach "affidavits, records or other documentary evidence" in support of his claims and to refile his petition.

Petitioner subsequently filed a second amended petition and accompanying affidavit. The state answered the second amended petition and moved for summary judgment under ORCP 47 B, asserting that there were no genuine issues of material fact and that it was entitled to prevail as a matter of law. According to the state, petitioner's second amended post-conviction petition and affidavit failed to state

a *prima facie* case under ORS 138.580[1] and petitioner effectively waived his right to counsel under the Sixth Amendment to the United States Constitution.

Petitioner did not respond to the state's motion for summary judgment. The trial court granted the state's motion for summary judgment and dismissed petitioner's post-conviction relief petition, concluding that petitioner's affidavit did not meet the requirements of ORS 138.580.

On appeal, petitioner assigns as error the trial court's dismissal of his claims because, he asserts, that decision improperly denied him the opportunity to prove the allegations in the petition. Petitioner also asserts that his affidavit adequately alleged facts under ORS 138.580 to present claims for inadequate assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 11, of the Oregon Constitution.[2] In response, the state argues that ORS 138.580 required petitioner to attach admissible affidavits, records, or other evidence to substantiate his post-conviction relief claims. Additionally, the state reasons that petitioner's affidavit cannot satisfy that requirement by listing "unsupported opinions, speculation, and generalized complaints" that do not support

---

[1] ORS 138.580 states, in part:

"Facts within the personal knowledge of the petitioner and the authenticity of all documents and exhibits included in or attached to the petition must be sworn affirmatively as true and correct. * * * The petition shall set forth specifically the grounds upon which relief is claimed, and shall state clearly the relief desired. All facts within the personal knowledge of the petitioner shall be set forth separately from the other allegations of fact and shall be certified as heretofore provided in this section. Affidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition."

[2] The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State * * * wherein the crime shall have been committed, * * * and to be informed of the nature and cause of the accusation; * * * and to have the Assistance of Counsel for his defence."

Article I, section 11, of the Oregon Constitution, relating to the rights of the accused in a criminal prosecution, states, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel[.]"

allegations of inadequate assistance of counsel or any preju-
dice that petitioner suffered as a result of the performance of
his pretrial counsel and legal advisor.

■■    We must first determine whether petitioner's argu-
ments were preserved. An issue must be preserved at trial
before we will consider it on appeal, ORAP 5.45(4), and we
have an "independent obligation to determine whether an
argument advanced on appeal was preserved at trial."
*Vokoun v. City of Lake Oswego*, 189 Or App 499, 508, 76 P3d
677 (2003), *rev den*, 336 Or 406 (2004) (citing *State v. Wyatt*,
331 Or 335, 344-46, 15 P3d 22 (2000)). This obligation must
be satisfied even when a failure to preserve an argument has
not been asserted by the opposing party. *Wyatt*, 331 Or at
346-47. Here, both parties assert that petitioner's arguments
and issues were preserved; however, for the reasons dis-
cussed below, we disagree.

The procedural facts of this case are similar to the
procedural facts in *Hoffer v. State of Oregon*, 136 Or App 375,
902 P2d 127 (1995), *rev den*, 322 Or 489 (1996). In *Hoffer*, the
petitioner filed for post-conviction relief from his conviction
based on a plea and sentencing agreement that "waive[d] any
right to file a petition for post-conviction relief alleging any
irregularities or incompetency of counsel or anything of that
nature." 136 Or App at 377. In his petition, the petitioner
asserted violation of his constitutional rights as a result of
prosecutorial misconduct and ineffective assistance of trial
counsel. The state filed an answer and moved for summary
judgment, supported by affidavits and trial transcripts, argu-
ing that the petitioner's claim should be dismissed, based in
part on his plea and sentencing agreement to waive his right
to seek post-conviction relief. No response was made by the
petitioner and, almost two months later, the trial court
granted summary judgment for the state. *Id*. at 378. The
petitioner filed a late response five days after the motion for
summary judgment was granted. The trial court did not con-
sider that response in the judgment.

We affirmed the trial court's grant of summary judg-
ment and summarized the petitioner's procedural obligation
to preserve his issue for appeal:

> "Petitioner failed to timely respond to the motion for summary judgment. Although he may not have any dispute with the facts established by the state's affidavit, he nevertheless had an obligation to present argument to the court regarding why the state's motion should not be granted. By failing to respond to the motion \* \* \* petitioner failed to preserve for appellate review any argument or issue concerning the validity of his agreement to waive his right to seek post-conviction relief. \* \* \* Because petitioner's claim of error is not an error apparent on the face of the record, we may not review it."

*Hoffer*, 114 Or App at 378-79 (citations omitted).

Our holding in *Hoffer* succinctly states the procedural issue facing petitioner in this case. Petitioner has failed to preserve his argument as to the validity of his post-conviction relief affidavit (alleging inadequate assistance of counsel) by failing to respond to the state's motion for summary judgment. In his brief, petitioner lists various provisions of his second amended petition, the accompanying affidavit, and the trial court's general judgment as adequately preserving the issue of the trial court's erroneous grant of the state's motion for summary judgment and the sufficiency of petitioner's affidavit under ORS 138.580. Yet, petitioner does not identify where he made *any* argument opposing the state's motion for summary judgment on the issue of the sufficiency of petitioner's affidavit. *See Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (preservation of error rules intended to ensure that the positions of parties are clearly represented to initial tribunals and that parties are not taken by "surprise, misled, or denied opportunities to meet an argument"). Petitioner had an obligation to present argument in opposition or, at minimum, to object to the state's motion and to alert the court as to why the motion should not have been granted.[3] Because that obligation was not met, under *Hoffer*, his claim of error is not preserved.

Affirmed.

---

[3] Although we are not obligated to scour the record for evidence of petitioner's preserved error, we see no evidence in the record of petitioner's response or argument on the issue of whether his petition conforms to the requirements of ORS 138.580.