Submitted on record and briefs November 2, 2007, affirmed April 16, 2008

# MICHAEL JON BAILEY,
## *Plaintiff-Appellant,*

*v.*

# STATE OF OREGON,
Coos County District Attorney's Office,
Department of Corrections,
State Attorney General's Office,
Coos County Circuit Court,
Board of Parole & Post-Prison Supervision,
and Lane County Community Corrections,
*Defendants-Respondents.*

Lane County Circuit Court
160524216; A132167

182 P3d 318

Michael Jon Bailey filed the briefs *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael C. Livingston, Senior Assistant Attorney General, filed the brief for respondents State of Oregon, Coos County District Attorney's Office, Department of Corrections, State Attorney General's Office, Coos County Circuit Court, and Board of Parole and Post-Prison Supervision.

David B. Williams filed the brief for respondent Lane County Community Corrections.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

This case involves claims brought by plaintiff against the State of Oregon and other defendants for civil damages based on theories of false imprisonment, wrongful deprivation of liberty, and malicious prosecution after the Ninth Circuit Court of Appeals granted plaintiff's habeas corpus petition that challenged his underlying criminal convictions.[1] The trial court dismissed plaintiff's claims with prejudice, and he appeals, advancing two assignments of error. In his first assignment of error, plaintiff argues that the trial court erred in granting defendants' ORCP 21 motions to dismiss. In his second assignment, plaintiff contends that the trial court erred in denying his motion to continue the case until he was released from prison. Although defendants do not assert that plaintiff's first claim of error was not preserved in the trial court, our review of the record reveals that, at the time that the trial court ruled, plaintiff had not substantively opposed defendants' motions to dismiss. We also conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a continuance. We therefore affirm the judgment of the trial court.

■ Plaintiff filed his complaint against defendants in December 2005, alleging the above tort claims arising out of his conviction in Coos County and his subsequent imprisonment from July 1995 to July 1999. In early February 2006, defendants filed motions to dismiss the claims, asserting, among other things, that plaintiff's claims were barred by the governing statute of limitations and the doctrines of prosecutorial immunity and quasi-judicial immunity. On February 15, 2006, plaintiff filed a "Motion for Enlargement of Time ORCP 15(D)," in which plaintiff, who was incarcerated at the time, requested "a 30 day enlargement of time, per ORCP 15(D), to respond to the State's and Lane County's motions to dismiss." Plaintiff contended that he had received the state defendants' motion on February 7, 2006, and Lane County Community Corrections's motion on February 8, 2006. Plaintiff's motion indicated that, "[d]ue to [his] limited

---

[1] *Bailey v. Rae*, 339 F3d 1107 (9th Cir 2003).

access to the legal law library and research material, Plaintiff cannot respond within the 10 day time limit."[2]

On the same date that he filed his motion for an extension of time to respond to the motions to dismiss, plaintiff also filed a "Motion to Hold in Abeyance or Continuance." That motion requested that the court "allow this civil complaint to be held in abeyance or continuance until August 31, 2006, at which time plaintiff be allowed to answer the State's and Lane County's motions to dismiss * * *." One week later, plaintiff filed a "Request for Leave to File Amended Civil Complaint ORCP 23," in an effort to clarify that his claims were brought under the Oregon Tort Claims Act and not under 42 USC section 1983.

On March 2, 2006, defendant Lane County Community Corrections filed a response to plaintiff's various motions. The response stated:

"The plaintiff's request to put things on hold until August is not reasonable for the parties or the court, but to minimize the risk of unnecessarily creating issues for an appeal, Lane County suggests an order that would obviate the need for oral argument on March 6 and do the following:

"1. Grant the plaintiff's motion to amend and treat the pending motions to dismiss as directed in substance against the amended complaint;

"2. Deny the plaintiff's motion to hold in abeyance until August;

"3. Grant the plaintiff's motion to enlarge the time to respond to the motions to dismiss and set a March 17 due date for the plaintiff's responses to the motions to dismiss;

"4. Set a due date for State and County replies of March 27; and

---

[2] On the record before us, it is not apparent why plaintiff believed that he had only 10 days to respond to the motions to dismiss. To the extent that plaintiff relied on the 10-day time limit in ORCP 15 A, that rule governs the time for filing pleadings and motions, not *responses* to pleadings and motions. Under the Uniform Trial Court Rules, an opposing party may file a response "to the matters raised in any motion [other than motions for summary judgment] not later than 14 days from the date of service of the motion." UTCR 5.030.

"5. Set consideration of the motions to dismiss on the April 3 motion docket."

The response also indicated that counsel for the state defendants was in "agreement with this response."

The trial court, however, apparently disagreed with the parties' proposed course of action, at least with respect to plaintiff's motion to amend his complaint and the suggestion that the trial court delay its ruling on defendants' motions to dismiss plaintiff's complaint. Rather than grant the motion to amend and extend the time for plaintiff to respond to defendants' motions to dismiss, the trial court entered an order on March 10, 2006, granting defendants' motions to dismiss.[3] On March 20, 2006, the trial court also denied plaintiff's "Motion to Hold in Abeyance or Continuance."

On March 22, 2006, plaintiff filed his response to defendants' previously granted motions to dismiss, as well as a "Response to Defendants' Response on Plaintiff's Motion to Hold in Abeyance/Continuance." Nonetheless, on April 12, 2006, the trial court entered the following judgment:

"Pursuant to the previously entered Order granting Defendants' Motions to Dismiss, the Court hereby enters this Judgment of Dismissal i[n] favor of all Defendants listed in the caption, dismissing all of Plaintiff's claims with prejudice."[4]

Plaintiff appeals that judgment and, as noted above, makes two assignments of error. In his first assignment of error, plaintiff argues that, for the reasons that he articulated in his response to defendants' motions to dismiss, the trial court erred in dismissing his complaint. In substance, he contends that the criminal action did not terminate until December 22, 2003, the date that the charges against him were dismissed, and therefore his civil complaint filed on December 5, 2005, was within the two-year statute of limitations prescribed by law. He also argues that the doctrines of

---

[3] The order was signed on March 7 and entered on March 10, 2006.

[4] The order on the motions to dismiss and the order on the motion for a continuance were signed by Judge Lyle C. Velure. The judgment was signed by Judge Lauren S. Holland. Nothing in the record suggests that either judge considered plaintiff's untimely response to the motions to dismiss.

prosecutorial and quasi-judicial immunity are inapplicable because, based on the Ninth Circuit's ruling, "[p]etitioner did not receive a fair trial."[5] In his second assignment of error, petitioner argues that the trial court erred in denying his motion to postpone the case "until [after] his release on August 3, 2006[.]"

We begin with plaintiff's first assignment of error. An initial problem for plaintiff, with respect to that assignment, is that he did not respond in a timely manner to defendants' motions to dismiss his complaint. Defendants' motions to dismiss were filed in early February 2006. One of the grounds for dismissal urged by defendants was that, according to plaintiff's complaint, the Ninth Circuit overturned his criminal convictions on August 13, 2003. According to defendants, any civil complaint had to be filed within two years from that date or it was barred by the applicable statute of limitations. Because plaintiff's complaint was filed on December 5, 2005, and not served until January 27, 2006, the complaint on its face was, in defendants' view, not brought within the time required by the statute of limitations. Plaintiff, however, after being served with defendants' motions on February 7 and 8, 2006, did not respond to defendant's motions until March 22, 2006, perhaps assuming incorrectly that, in light of defendants' agreement, his motion to extend the time for responding to defendants' motions had been granted. But, as discussed above, the trial court did not acquiesce to the parties' agreement and entered an order on defendants' motions to dismiss on March 10 and on plaintiff's motion to postpone the case on March 20, or after the 14-day period contemplated by UTCR 5.030 for responses to defendants' motions had expired.[6]

The above circumstances necessarily implicate ORAP 5.45(1), which provides, in part, that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *." *See*

---

[5] Given our conclusion that those issues were not preserved for our review, we express no opinion on their merits.

[6] In addition, Lane County Circuit Court's Supplementary Local Rule 5.005 provides that "[n]o motion may be continued more than once, nor additional time to file memoranda allowed, unless ordered by the Court."

*State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an error for purposes of appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"); *see also Harrison v. Hall*, 211 Or App 697, 702, 156 P3d 141, *rev den*, 343 Or 159 (2007) (holding that a petitioner had failed to preserve an issue for appeal where he did "not identify where he made *any* argument opposing the state's motion for summary judgment on the issue of the sufficiency of petitioner's affidavit") (emphasis in original); *Hoffer v. State of Oregon*, 136 Or App 375, 378-79, 902 P2d 127 (1995), *rev den*, 322 Or 489 (1996) ("By failing to respond to the motion for summary judgment, petitioner failed to preserve for appellate review any argument or issue concerning the validity of his agreement to waive his right to seek post-conviction relief."). Here, it is apparent from the record that, at the time that the trial court granted defendants' motions, it did not have before it the response eventually made by plaintiff to defendants' motions.

The only way in which plaintiff's late response could have preserved the issues that he now raises is if the trial court was required to consider that response before ruling on the motions to dismiss. That, in turn, depends on whether the trial court erred in refusing to grant plaintiff an extended period in which to file a response to defendants' motions. We therefore turn to that issue, which is in part the subject of plaintiff's second assignment of error. Again, plaintiff made two attempts to extend the time in which to respond to the motions to dismiss: a motion seeking a 30-day extension of time to respond to the motions to dismiss, and a motion that, more generally, would have postponed all proceedings until plaintiff's release from prison.[7]

---

[7] Plaintiff does not argue that the trial court was required to hold oral argument on defendants' motions, and his eventual response to defendants' motions did not request oral argument. *See* UTCR 5.050(1) ("There must be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response."); UTCR 5.050(2) (allowing requests for oral argument by telecommunication to be made in the caption of a motion or response). Nor does he argue that he relied to his detriment on the fact that the state had requested oral argument in the caption of its motion.

■ Initially, plaintiff does not assign error to the trial court's denial of his motion seeking a 30-day extension of the time to file a response to defendants' motions. Nor does it appear that the trial court acted outside its authority in rejecting the parties' apparent agreement to extend the time for plaintiff's response. Nothing in the court record before us suggests that the trial court acted in a manner that misled plaintiff into believing that the time for ruling on defendants' motions had been enlarged. Indeed, it is the court that is charged with the timely administration of its docket, not the parties. It follows that it was within the sole province of the trial court to decide whether to extend the time in which plaintiff could respond to defendants' motions, so long as the court's actions were consistent with the Oregon Rules of Civil Procedure and the Uniform Trial Court Rules; our review of the record reveals no violation of those provisions.

■ Although plaintiff does not assign error to the denial of his motion for a 30-day extension, he does assign error to the trial court's denial of his motion to continue the action until his release from prison. Plaintiff contends that the trial court "erred in denying [his] motion to hold in abeyance or continuance until his release on August 3, 2006, so that he might retain the services of an attorney * * *." We are sensitive to the difficulties of court access for prisoners involved in civil litigation. The fact remains, however, that a motion to postpone proceedings made in a civil case is committed to the discretion of the trial court, and we lack authority to overturn a trial court's ruling on a motion for postponement unless there has been a clear abuse of the exercise of that discretion. *Sims v. Sowle*, 238 Or 329, 395 P2d 133 (1964); *see also* ORCP 52 A. Here, plaintiff explained to the trial court that he desired a postponement until August 31, 2006, in order to locate and interview witnesses; so that he could be present for oral argument; because "[t]here is insufficient research material in the institution[']s law library for this type of legal civil action"; because "[t]here is a lack of knowledge within the inmate legal assistants about civil suits and they are not allowed to assist on civil lawsuits"; because "[p]laintiff is unable to respond within the 10 days as required due to limited access to the institution[']s law library of a maximum of six hours per week and some weeks only two and a half hours

access"; because "plaintiff is due for release August 3, 2006, and it is expected * * * that plaintiff will be moved to another facility * * *"; and because plaintiff "will seek legal counsel as plaintiff is not learned in law and filed this complaint only due to time restraints."

According to plaintiff's submittals to the trial court, plaintiff received defendants' motions on February 7 and 8. The trial court entered an order on defendants' motions on March 10, 2006, or approximately 30 days later. The issues before the court at that time were pleading issues. In light of plaintiff's representations regarding his access to the prison law library, it would not have been an abuse of discretion for the trial court to have concluded that it had provided plaintiff with a reasonable time within which to respond to those issues. Moreover, our reasoning in *Smith and Smith*, 65 Or App 309, 671 P2d 768 (1983), informs the broader issue regarding the adequacy of plaintiff's opportunity to litigate from prison. In *Smith*, we observed that what was then the Corrections Division had promulgated rules with respect to the legal affairs of prisoners. The current versions of those rules set out procedures designed to assure prisoners reasonable methods of communication with courts and legal personnel to assist them in the conduct of their legal affairs. Plaintiff was subject to those rules when he requested the postponement.[8] As in *Smith*, plaintiff does not cite those rules or argue that the Department of Corrections failed to comply with them. Rather, he relies on the mere conclusory assertion that, under all the circumstances, he was entitled to a postponement of his case for five months because of his status as an incarcerated person. Plaintiff's reasons for that request are legally inadequate to demonstrate that the trial court abused its discretion in denying the motion for a five-month continuance. We therefore reject his second assignment of error.

We return to plaintiff's first assignment of error. As discussed, the above circumstances essentially created a situation where defendants' motions to dismiss were uncontested, insofar as the trial court was concerned. It follows, therefore, that the issues raised in plaintiff's first assignment

---

[8] *See* OAR 291-139-0005 to 291-139-0045.

of error—which were not made to the trial court in a timely manner—are not preserved for appeal and that we are without authority to review them under ORAP 5.45(1).[9]

Affirmed.

---

[9] Plaintiff does not urge us to review his first assignment of error as error apparent on the face of the record. Although the result in this case appears harsh, particularly because plaintiff is *pro se*, plaintiff is essentially in the position of an appellant who does not contest a motion in the trial court and opposes it for the first time on appeal. We cannot discern a meaningful distinction under UTCR 5.030 that would cause this case to be treated differently, in light of the clear language of the rule.